## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| OLD REPUBLIC NATIONAL | ) | |
| TITLE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No. 7:12-cv-00083-HL |
| | ) | |
| STUDSTILL & PERRY, LLP, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT STUDSTILL & PERRY, LLP'S
## BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

## I.  INTRODUCTION

Nearly fourteen years ago, Defendant Studstill & Perry, LLP ("S&P") reviewed title and issued a title insurance policy for certain leasehold mineral rights.  Nine years later, adverse parties came forward claiming an interest in those mineral rights. If any error was made by failing to include an exception for the competing mineral rights interests, that error arose from the exercise of, or failure to exercise, professional judgment and skill.  Thus, Old Republic's claims against S&P are claims for legal malpractice.  Any legal malpractice claims arising out of S&P's legal work performed fourteen years ago are time-barred by the applicable statute of limitations and Old Republic's complaint should be dismissed.

## II.    ALLEGATIONS OF THE COMPLAINT

In 1993, S&P and Old Republic entered into an agreement ("Agency Agreement") whereby S&P would issue title insurance policies on behalf of Old Republic.[1]  The Agency Agreement provided that S&P was to "show as exceptions to coverage all matters...which constitute a defect or question as to validity and/or marketability of the title being insured, of which [S&P] has knowledge, including those matters disclosed by a proper search of the records, an opinion of title and/or an inspection of the insured land."[2]

Old Republic alleges S&P certified that title to the subject property was held by the lessor and that Rinker Materials Corporation ("Rinker") was entitled to the leasehold estate pursuant to the lease agreement.[3]  Old Republic relied upon the certification of title in preparation of the Title Policy.[4]

On December 31, 1998, S&P issued a title policy on behalf of Old Republic to Rinker for a leasehold estate ("Policy").[5]  Old Republic alleges that prior to issuance of the Policy, S&P was in possession of a deed conveying an undivided 1/2 interest to the mineral rights on the estate to numerous other parties ("Altamaha

---

[1] See generally doc. 1-1, Agreement for Appointment of Policy Issuing Agent for Old Republic National Title Insurance Company ("Agency Agreement").  S&P originally entered into the Agency Agreement through its previous entity Moore & Studstill, P.C.  In May 2006, the Agency Agreement was amended to substitute S&P as the "Agent."  See doc 1, Complaint, at ¶ 3; see also Agency Agreement, p. 2.
[2] See Complaint, at ¶ 7; see also Agency Agreement, p. 7.
[3] Complaint, ¶ 5.
[4] Complaint, ¶ 16.
[5] See Complaint, at ¶ 6; see also doc. 1-4, pp. 19-28.

Deed").[6]  Old Republic contends S&P erred by failing to set out the Altamaha

Deed as an exception under the terms of the Policy.[7]

In 2007, litigation ensued between the grantees under the Altamaha Deed

and Rinker's assignee under the Policy ("Underlying Litigation").[8]  Old Republic

settled the Underlying Litigation on behalf of the insured under the Policy.[9]

On June 29, 2012, Old Republic filed this lawsuit against S&P for

indemnification and breach of contract.[10]  Old Republic contends that S&P should

have included the Altamaha Deed as an exception to the Policy.[11]  This alleged

failure forced Old Republic to defend and settle the Underlying Litigation.

Although Old Republic couches its claims as indemnification and breach of

contract, the allegations of the Complaint show that Old Republic relied upon

S&P's professional skill and judgment and claims S&P committed professional

negligence.  In Georgia, professional malpractice and negligence claims are

subject to a four-year (or possibly six-year) statute of limitations, and thus, Old

Republic's claims are untimely.

---

[6] See Complaint, at ¶ 8.  S&P denies that it possessed this deed, but acknowledges that, for purposes of this motion, Old Republic's allegations are construed most favorably to the plaintiff.  Thomas v. Lee, 286 Ga. 860, 861, 691 S.E.2d 845, 846 (2010).
[7] Complaint, ¶ 9.
[8] See Complaint, at ¶ 11.
[9] Id., at ¶¶ 13-14.
[10] See Complaint, ¶¶ 15-22.
[11] Id., at ¶ 18 and 21.  In support of these allegations, and in an apparent attempt to comply with O.C.G.A. § 9-11-9.1, Old Republic attached an expert affidavit from another attorney.  See doc. 1-4.

### III.   ARGUMENT AND CITATION OF AUTHORITY

**A.   Old Republic's Claims are Professional Malpractice Claims.**

*1.   Old Republic's allegations sound in professional malpractice.*

Whether a complaint alleges professional malpractice is a question of law for the Court, regardless of how a plaintiff labels its cause of action.[12]  The determinative factor as to whether a claim is one of professional malpractice "depends on whether the professional's alleged negligence required the exercise of professional judgment and skill."[13]

In this case, accepting the allegations of Old Republic's Complaint as true for purposes of the motion to dismiss, Old Republic questions S&P's professional judgment and skill in determining whether to except the Altamaha Deed from the title policy.  The Agency Agreement provides that whether to list an exception depends upon S&P's determination that the matter constituted "a defect or question as to the validity and/or marketability of the title being insured..."[14]  And Georgia law is clear that only attorneys may "express, render, or issue legal opinions as to the status of the title to real or personal property."[15]  Furthermore, Old Republic's

---

[12] Fortson v. Freeman, 313 Ga.App. 326, 721 S.E.2d 607 (2011); see also Old Republic Nat. Title Ins. Co. v. Attorney Title Services, Inc., 299 Ga.App. 6, 682 S.E.2d 134 (2009) overruled on other grounds by Newell Recycling of Atlanta, Inc. v. Jordan Jones & Goulding, Inc., 288 Ga. 236, 703 S.E.2d 323 (2010).
[13] Crisp Regional Nursing & Rehabilitation Center v. Johnson, 258 Ga.App. 540, 574 S.E.2d 650 (2002); Mendoza v. Pennington, 239 Ga.App. 300, 519 S.E.2d 715 (1999).
[14] See Agency Agreement, p. 7.
[15] O.C.G.A. § 15-19-53.

preferred expert, John Robinson, cites "specific knowledge of the applicable standards of care required by attorneys in closing real estate transactions and issuing title insurance policies" in opining that S&P's decision not to list the Altamaha Deed as an exception "breached the duty owed by a real estate closing attorney to both the insured and Old Republic."[16]

  2.  *The title work at issue was professional,  legal service.*

As a general rule, services related to title examinations, certifications of title, and opinions as to marketability are considered professional, legal services.[17] Georgia has previously rejected efforts by plaintiffs to mischaracterize malpractice claims as contract claims based upon title insurance agreements.[18]

The 2009 case of <u>Old Republic Nat. Title Ins. Co.</u> is directly on point.[19]  In <u>Old Republic</u>, the plaintiff/title insurer entered into an agreement with the defendant/title agent for the issuance of title policies.[20]  In issuing a title policy on behalf of the title insurer, the title agent failed to exclude from the legal description a portion of the property previously conveyed by the sellers; a conveyance

---

[16] <u>See</u> Affidavit of John Robinson, at ¶¶ 13 and 15.

[17] <u>See</u> <u>e.g.</u> <u>Old Republic Nat. Title Ins. Co.</u>, 299 Ga.App. at 9; <u>see</u> <u>also</u> <u>CenTrust Mtg. Corp. v. Smith & Jenkins, P.C.</u>, 220 Ga.App. 394, 469 S.E.2d 466 (1996); <u>Brown v. Kinser</u>, 218 Ga.App. 385, 461 S.E.2d 564 (1995); <u>Kirby v. Chester</u>, 174 Ga.App. 881, 331 S.E.2d 915 (1985).

[18] <u>See</u> <u>Old Republic Nat. Title Ins. Co.</u>, 299 Ga.App. at 9.

[19] Although <u>Old Republic</u> was overruled, it was overruled only to the extent that it is cited for the proposition that "professional malpractice claims premised upon a complete written agreement are subject to the four-year statute of limitation."  <u>Newell Recycling of Atlanta, Inc. v. Jordan Jones & Goulding, Inc.</u>, 288 Ga. 236, 239, 703 S.E.2d 323, 326 (2010).  In this case, however, Old Republic's claims are barred under either a four-year or six-year statute of limitations.

[20] <u>Id.</u>, at 7-8.  Notably, Old Republic was the plaintiff in <u>Old Republic</u> and brought nearly identical claims.

revealed by the title exam.[21]  As a result, the title policy insured more property than was actually conveyed.[22]  After the buyers discovered this error, they made a claim under the policy for the value of the additional property and the title insurer settled the claim.  The title insurer then brought a breach of contract claim against the title agent seeking to recover the amount it paid in the settlement.[23]  In dismissing the title insurer's claim for failing to attach the required expert affidavit, the  Court of Appeals held that, regardless of its classification as a breach of contract claim, the claim was "based on [the title agent's] negligent performance of the obligations imposed upon [him] by law and implied in [his] relationship with [the title insurer]. Accordingly, [the title insurer's] complaint stated a claim for legal malpractice."[24]

Similarly to Old Republic, the claims in this case this case challenge the professional judgment and skill of S&P - a title agent.  Therefore, although Old Republic labels its claims as contractual, all the allegations presented in the Complaint and supporting exhibits demonstrate that Old Republic's claims are based upon S&P's alleged professional negligence.[25]

---

[21] Id.
[22] Id.
[23] Id. at 8.
[24] Id. at 9-10 (quotations and citations omitted for clarity).
[25] See Old Republic Nat. Title Ins. Co., 299 Ga.App. 6; see also CenTrust Mtg. Corp., 220 Ga.App. 394; Brown, 218 Ga.App. 385; Kirby, 174 Ga.App. 881.

**B.  Old Republic's Claims are Time-Barred.**

Claims against lawyers sounding in malpractice, regardless of what they are named, are generally subject to a four-year statute of limitations.[26]  Recent developments in Georgia law may provide a six-year statute of limitations where a complete written contract exists.[27]  In this case, Old Republic's claims based on alleged errors made in issuance of the Policy in December 1998 would be barred under either a four-year or six-year statute.[28]

*1.    Claims for negligent title examinations accrue at the time of the error.*

Old Republic's claim against S&P is based upon the failure to include the Altamaha Deed as an exception to the Policy issued in December 1998.  Georgia law is clear that any action based upon legal malpractice accrues upon the commission of the allegedly negligent act.[29]  Accordingly, any claim against S&P,

---

[26] See Brown, 218 Ga.App. at 387-88 (claim against attorney who performed title examination was cause of action for legal malpractice and therefore subject to four-year statute of limitation); see also Royal v. Harrington, 194 Ga.App. 457, 390 S.E.2d 668 (1990) (an allegation of negligence or unskillfulness in the provision of legal services is a claim of legal malpractice and subject to a four-year statute of limitation); Jaraysi v. Soloway, 215 Ga.App. 531, 451 S.E.2d 521 (1994) (action against attorney for negligent drafting of promissory note amounted to claim of legal malpractice and applicable statute of limitation was four years).

[27] See Newell Recycling of Atlanta v. Jordan Jones & Goulding, Inc., 288 Ga. 236 (2010) (finding that six-year statute of limitations could apply if there was a complete written contract for professional services) on remand Newell Recycling of Atlanta, Inc. v. Jordan Jones & Goulding, Inc., A12A1031, 2012 WL 3601840 (Ga. Ct. App. Aug. 23, 2012) (finding that although six-year statute of limitations could apply, the documents proffered by plaintiff did not represent complete written contract, and thus plaintiff's claims were barred by the four-year statute of limitations).

[28] See Complaint, ¶ 6.

[29] Jones, Day, Reavis & Pogue v. Am. Envirecycle, Inc., 217 Ga.App. 80, 82, 456 S.E.2d 264, 266 (1995) ("As a breach of contract would occur upon the commission of the wrongful act violating the contractual duty, a cause of action ex contractu, like a cause of action ex delicto, arises and the statute of limitation for legal malpractice is triggered immediately upon the commission of the wrongful act.")

based upon the failure to discovery and except the Altamaha Deed from the Policy, accrued in December 1998 and expired, at the very latest, in December 2004.[30] Thus, Old Republic's claims are untimely.

2.    *Other jurisdictions have applied malpractice limitation periods to similar "contract" claims.*

As discussed above, the Georgia Court of Appeals reasoned in Old Republic that contract claims based upon professional services are still subject to the expert affidavit requirement.[31]  Georgia has not specifically examined the application of the statute of limitations in a similar fact scenario involving title claims against a lawyer, although other jurisdictions have.[32]  Courts outside of Georgia have employed reasoning similar to Old Republic[33] and have held that a title agent's status as an attorney is outcome determinative in evaluating claims.  The Louisiana Court of Appeals looked at the appropriate statute of limitations to apply in a factually similar situation in Commonwealth Land Title Ins. Co. v. Jones.[34]  In that case, the defendant-attorney entered into an agency agreement with the plaintiff to

---

[30] See Wright v. Swint, 224 Ga.App. 417, 480 S.E.2d 878 (1997) (holding that plaintiff's claim was time barred based upon claim that accrued at the time of the defective title search); see also Brown, 218 Ga.App. at 387-88 (explaining that defendant's alleged negligence in issuing a title policy that failed to exclude a security interest from coverage accrued "the date of the issuance of the title insurance policy"); Loftin v. Brown, 179 Ga.App. 337, 346 S.E.2d 114 (1986) (finding that plaintiff's claims were time barred because statute of limitations accrued at the time the defective title certificate and deed were prepared).
[31] Old Republic Nat. Title Ins. Co., 299 Ga.App. 6.
[32] See e.g. Commonwealth Land Title Ins. Co. v. Kurnos, 340 N.J. Super. 25 (App. Div. 2001); see also Mississippi Valley Title Ins. Co. v. Hooper, 707 So.2d 209 (Ala. 1997).
[33] Old Republic Nat. Title Ins. Co., 299 Ga.App. 6.
[34] 948 So.2d 1243 (La. App. 3 Cir. 2007).

issue title insurance policies.[35]  The plaintiff alleged that the defendant failed to discover a judgment lien on the property, and thus the plaintiff was entitled to indemnification following the sale of the property through a sheriff's sale.[36]  In affirming dismissal of the plaintiff's complaint, the Third Circuit Court of Appeals of Louisiana explained that the plaintiff's complaint was essentially one for legal malpractice.[37]  Thus, the court went on to hold that the legal malpractice statute of limitation "applie[d] to all claims brought against [the attorney], in his capacity as a title insurance agent, <u>even those brought pursuant to an indemnity agreement</u>."[38]

       3.    *Public policy encourages predictable and certain limitation periods.*

Old Republic seeks to hold S&P liable for an allegedly negligent act performed nearly <u>fourteen</u> <u>years</u> ago.  These claims frustrate the public policy behind statutes of limitation.  The "fundamental purpose of the limitation period [] is to ensure that an adverse party has timely notice of a claim so he can investigate and prepare a defense while the facts are still fresh."[39]  Indeed, statutes of limitation are designed "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost,

---

[35] <u>Id.</u> at 1246.
[36] <u>Id.</u> at 1244.
[37] <u>Id.</u> at 1247.
[38] <u>Id.</u> at 1248 (emphasis added).
[39] <u>Antinoro v. Browner</u>, 223 Ga. App. 664, 667, 478 S.E.2d 392, 395 (1996).

memories have faded, and witnesses have disappeared...[T]he right to be free of stale claims in time comes to prevail over the right to prosecute them."[40]

Permitting Old Republic to pursue malpractice claims for alleged negligent acts that occurred nearly fourteen years ago would certainly frustrate public policy and lead to untold consequences leaving attorneys subject to never-ending potential liability.  The promotion of justice requires that S&P's exposure to liability be limited to the four-year or six-year professional malpractice statute of limitations.

### III.   CONCLUSION

Although framed as contract claims against S&P, Old Republic's contentions are based upon an alleged error in professional judgment by S&P in December 1998.  Because Old Republic's claims are based on professional malpractice, the appropriate statute of limitations is that applied to professional malpractice claims.  Old Republic's claims were not brought timely, and thus, this Court should dismiss the Complaint as time-barred.

Respectfully submitted this 4th day of September, 2012.

---

[40] <u>Orr v. Culpepper</u>, 161 Ga.App. 801, 288 S.E.2d 898 (1982).

*/s/ Shannon M. Sprinkle*
JOHANNES S. KINGMA
Georgia Bar No. 421650
SHANNON M. SPRINKLE
Georgia Bar No. 495095

Carlock, Copeland & Stair, LLP
191 Peachtree Street, Suite 3600
Atlanta, Georgia 30303
(404) 522-8220
 ..........
P.O. Box 56887
Atlanta, Georgia 30303
Email:   jkingma@carlockcopeland.com
             ssprinkle@carlockcopeland.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing **DEFENDANT STUDSTILL &
PERRY, LLP'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** was
filed this day using the Court's CM/ECF system, which will automatically serve
the pleading upon all counsel of record as follows:

Jeffrey H. Schneider
3500 Lenox Road, 4th floor
One Alliance Center
Atlanta, Georgia 30326
jeffschneider@wncwlaw.com

This 4th day of September, 2012.

*/s/ Shannon M. Sprinkle*
SHANNON M. SPRINKLE
Georgia Bar No. 495095
