IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,<br><br>                       Plaintiff<br><br>vs.<br><br>STUDSTILL & PERRY, LLP,<br><br>                       Defendant. | CIVIL ACTION<br><br>FILE NO. 7:12-cv-00083-HL |

**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY'S
RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

COMES NOW Plaintiff, Old Republic National Title Insurance Company, ("Old Republic") and files its response to Defendant's Motion to Dismiss, respectfully showing the Court as follows:

I. **SUMMARY OF ARGUMENT**

Defendant's motion is entirely based on its argument that this is a legal malpractice case and that the action is therefore time-barred by the four-year professional malpractice statute of limitations. However, Old Republic has not sued Defendant for professional negligence. Defendant was Old Republic's title

insurance agent for purposes of selling and issuing title insurance policies.[1] Plaintiff's claims against Defendant arise out of Defendant's breach of an express commercial indemnity agreement contained in the insurance agency agreement, as well as the common law duty of indemnification. As discussed below, Georgia law recognizes causes of action for breach of contract against professionals, independent of any cause of action for ordinary or professional negligence. The law further recognizes that each cause of action is governed by the statute of limitations specific to each separate claim. Finally, the law recognizes that a cause of action for express indemnification is subject to a twenty-year statute of limitations, which does not commence until the payment of the underlying loss or judgment being rendered against the payer or its insured.

## II.     FACTUAL ALLEGATIONS

Defendant entered into an Agreement For Appointment of Policy Issuing Agent For Old Republic National Title Insurance Company on May 14, 2006 (hereinafter referred to as the "Agency Agreement"). In relevant part, the Agency Agreement provides as follows:

> VII. RESPONSIBILITY FOR LOSS
>
> As between Insurer and Agent, responsibility for loss (which term shall include payments to Insured and third party claimants, attorney's fees and all other costs incurred in investigation of claims, negotiation

---

[1] This is not a subrogation action, whereby Old Republic is subrogated to the rights of its insured and is bringing a legal malpractice claim. Rather, Old Republic has a direct right of action for breach of contract and indemnification against Defendant, as a result of Defendant's breach of the Agency Agreement.

of settlement and litigation) arising from the title insurance business conducted pursuant to this agreement, shall be as follows:

1. Agent is responsible for the following losses:

    . . .

    A. Intentional or negligent failure of Agent to comply with the terms and requirements of this Agreement or of the rules, regulations or instructions given to Agent by Insurer;

    . . .

    E. Negligent errors or omissions in the search, or examination of title, in the preparation of title insurance forms or in other procedures involved in processing an application for title insurance.

    . . .

Facts relevant to the underlying dispute include: On January 1, 1999, Rinker Materials Corporation entered into a mining lease with GHM Rock & Sand, Inc. Defendant examined title and certified to Old Republic that GHM Real Estate of Florida, Inc. and GHM Rock & Sand, Inc. were the holders of title of the subject property. Defendant thereafter certified that Rinker Materials Corporation was entitled to the leasehold estate pursuant to the lease agreement. Defendant issued a title insurance policy and identified Rinker Materials Corporation as the Insured. The Policy provided that the title to the leasehold estate was vested in Rinker Materials Corporation.

However, in Defendant's possession at the time of the issuance of the Policy was that certain deed from Altamaha Land Company to James E. Stewart, Jr., Robert B. Zachry, Jr., Earl A. Spence, Sr., William H. Cox, Jack Williams, Jr.,

William H. Hopkins, Jr., C. E. Layton, Jr., John H. King, III, Herbert Bradshaw, Jr., William F. Varn and Nell Hood, Allen Churchwell, H.J. Westberry, Jr., Alton Hopkins, William Versen and John Hodges dated October 31, 1967, recorded in Deed Book 35, Page 294, conveying an undivided ½ interest in the oils, gases and minerals to "the rents, issues, profits and royalties flowing, produced or derived therefrom, unto Grantees, their heirs and assigns, for and during the full end term of 50 years . . . " (hereinafter referred to as the "Altamaha Deed").  Despite being in possession and having actual knowledge of the Altamaha Deed, the Firm did not set out the Altamaha Deed as an exception under the terms of the Policy as required by the Agency Agreement.

The parties to the Altamaha Deed brought suit against Rinker Materials of Florida, asserting their rights under the Altamaha Deed to those certain profits derived as a result of their mining operation.  Following extensive litigation, the parties to the underlying Lawsuit were able to reach a negotiated settlement whereby Old Republic, on behalf of its Insured, agreed to pay to the Plaintiffs in the underlying Lawsuit the amount of $1 million.  During the course of the underlying Lawsuit and the negotiations leading to the settlement of the suit, Old Republic made demand upon the Defendant to assume responsibility for the losses.  The Defendant rejected each demand for indemnity.

III.     **ARGUMENT AND CITATIONS OF AUTHORITY**

    A.     **Old Republic's claims are not for professional malpractice.**

Old Republic's Complaint asserts claims for breach of contract, including a duty of indemnification. By the terms of the Agency Agreement and under common law, Defendant owes Old Republic a duty of indemnification where a loss arises as a consequence of the agent's failure to comply with the contract terms. The fact that the Defendant is an attorney does not change the nature of the contract between the parties, nor provide an exception under basic contract principles. Defendant's Motion fails to cite any authority to support the conclusion that a title insurance company is barred from bringing an action against its agent for indemnification and breach of contract within a year of the payment of a claim arising from the agency terms.

> **1. Old Republic's statute of limitations for breach of contract and indemnification began to run when Old Republic settled the underlying case and Defendant refused to indemnify Old Republic's loss.**

The period of limitation for a claim of breach of contract begins to run when the contract is breached. In the case of a contractual duty to indemnify, the period commences the moment when the party owing the duty refuses to indemnify the other party for amounts that the latter has paid to settle the claim or to satisfy the judgment of another. *See, Saiia Construction, LLC v. Terracon Consultants, Inc.*, 310 Ga. App. 713, 714 S.E.2d 3 (2011). In the case of *Saiia Construction*, Saiia

Construction, LLC settled a claim arising from its alleged failure to properly construct a retaining wall and sued Terracon Consultants, an engineering firm that advised Saiia in connection with the construction of the wall, for contractual indemnification, common law indemnification, and contribution. Terracon moved for summary judgment, contending that the claims against it sounded in professional malpractice and were not filed within four years of the last date on which Terracon performed services for Saiia. The trial court granted the motion and Saiia appealed. The trial court's ruling was reversed on appeal, based on the Georgia Supreme Court's recent holding in *Newell Recycling of Atlanta v. Jordan Jones & Goulding*, 288 Ga. 236, 703 S.E.2d 323 (2010).

     Saiia entered into a written agreement with Terracon setting forth the terms and conditions of the services Terracon would provide. *Id*. at 714. This express agreement included a provision that Terracon would indemnify Saiia against any loss, damage, injury or liability arising from any negligent acts of Terracon, its employees, agents, subcontractors and their employees and agents. *Id*. The agreement further provided that the "services performed by Terracon under this Agreement will be conducted in a manner consistent with that level of care and skill ordinarily exercised by members of the profession currently practicing under similar conditions in the same locale." *Id*. Terracon ultimately completed its work

for Saiia on December 17, 2003, when it provided Saiia with an engineering certificate for the construction of the retaining wall. *Id.*

The owner of the apartment complex ultimately sued Saiia for negligent construction of the retaining wall. Saiia eventually settled this claim. *Id.* On November 2, 2009, Saiia filed a lawsuit against Terracon alleging contractual indemnification, common law indemnification and contribution. Terracon filed a motion for summary judgment, which was granted by the trial court. The Court of Appeals found that Saiia's causes of action for indemnification were not time-barred. First, the period of limitation for an indemnity claim begins to run when the claimant pays another to settle the claim of the other or satisfy the judgment of the other. *Id.* at 715; see also, *Auto Owners Insurance Co. v. Anderson*, 252 Ga. App. 361, 364, 556 S.E.2d 465 (2001)[2]. The court further noted that "…the period of limitation for a claim of breach of contract begins to run when the contract is breached, see *Hamburger v. PFM Capital Management*, 286 Ga. App. 382, 384-385, 649 S.E.2d 779 (2007), which, in the case of a contractual duty to indemnify, is the moment at which the party owing the duty refuses to indemnify the other

---

[2] The *Auto-Owners* decision provides a relevant illustration given the facts plead in the present action. In *Auto-Owners*, the insurance issuing agent caused a policy to issue after the expiration of the binder. The insured suffered a loss giving rise to a claim under the policy, which was subsequently settled by the insurer. The insurer sought a claim for indemnification against the agent, who moved to dismiss the suit, claiming it was barred by a four or six year statute of limitation. The trial court agreed with the defendant and dismissed the claim. On appeal, the Court of Appeals reversed concluding that the claim was one for indemnity and was thus subject to a twenty year statute of limitation and that the period did not commence until the settlement of the underlying claim.

party for amounts that the latter has paid to settle the claim of another or to satisfy the judgment of another." *Id*. at 715. Saiia settled the claim of the apartment complex owner on April 16, 2010. As a result, the court found that Saiia's lawsuit seeking indemnification was timely filed after the events that caused the claims in this case to accrue. *Id*. For this reason alone, the Court of Appeals noted it was error for the trial court to award summary judgment to Terracon. *Id*.

Additionally, the court found that Saiia's claim for indemnification is governed by O.C.G.A. §9-3-22, which provides, in pertinent part, that "[a]ll actions for the enforcement of rights accruing to individuals under statutes . . . or by operation of law shall be brought within 20 years after the right of action has accrued." *Id*. at 716. A right of indemnity accrues by operation of the common law to one "who is compelled to pay damages because of liability imputed to him as the result of a tort committed by another." *Auto Owners*, 252 Ga. App. at 363. Accordingly, the court found that Saiia's claims were brought well within the six-year statute of limitations for breach of its indemnity agreement and well within twenty-years of its payment to settle the underlying claims. The four-year statute of limitations for professional malpractice did not apply simply because it was suing an engineering firm, and the court allowed Saiia to proceed against Terracon for contractual and common law indemnification.

8

The *Saiia* decision is instructive to the present action in that it addresses the application of the statute of limitations for negligence, contract and indemnification in the context of a suit originating out of errors committed by a licensed professional. Applying the reasoning in *Saiia*, this Court is bound to conclude that Old Republic's action is not subject to dismissal as it was filed well within the six years (contract) or twenty years (indemnity) statutes of limitations.

2. **Defendant's reliance on *Old Republic National Title Insurance Company v. Attorney Title Services, Inc.* is erroneous as the case has been overruled by the Georgia Supreme Court.**

Defendant's argument primarily relies on the decision in *Old Republic National Title Insurance Company v. Attorney Title Services, Inc.*, 299 Ga. App. 6, 682 S.E.2d 134(2009). The *Old Republic* decision does not support the dismissal of this action. The *Old Republic* decision does not address or mention the issue of indemnification, nor does it render any opinion on the issue of the statute of limitations. The issue in the *Old Republic* case was whether the claim was barred by the failure to include an expert affidavit as required by O.C.G.A. §9-11-9.1[3]. The Court ruled that the case was subject to dismissal because it was an action for professional negligence, rather than common law or ordinary negligence, and failed to attach an expert affidavit to the Complaint. *Id.* at 8-9. This is not an issue before this Court.

---

[3] Defendant concedes that an expert affidavit is attached to the Complaint and makes no argument as to its sufficiency.

The Defendant also errs in relying on the *Old Republic* decision as the ruling was expressly reversed by the Georgia Supreme Court in *Newell Recycling of Atlanta, Inc. v. Jordan Jones and Goulding, Inc.*, 288 Ga. 236, 703 S.E.2d 323 (2010). In *Newell*, the issue was whether the Court of Appeals erred in holding that a professional malpractice claim premised on a written contract is governed by a four-year statute of limitation, pursuant to O.C.G.A.§ 9-3-25, rather than a six-year statute of limitations, pursuant O.C.G.A.§ 9-3-24. *Id.* at 237. The *Newell* decision provides clarity in actions where both professional malpractice and contract claims are plead. The Court's analysis begins with the finding that there was an issue as to the existence of an express contract for professional services. The Court next applies the rule that the statute of limitations for an action on a simple contract is six years. The Court then concludes that "because an implied promise to perform professionally pursuant to a written agreement for professional services would be "written into [the contract for professional services] by the law, an alleged breach of this implied obligation would necessarily be governed by the six-year statute of limitations of O.C.G.A. 9-3-24." The significance of this conclusion as it relates to the present action is two-fold. First, it upholds the principle that an action against a professional for a breach of duty can arise out of and be based on contract which is governed by contract principles; including the applicable statute of limitation. Second, the decision makes clear that even if the

cause of the loss arises from actions tantamount to professional negligence, that it nonetheless can be sustained as a contract action. This latter conclusion is made clear in the Court's ruling "in determining which statute of limitations applies, the threshold inquiry is to determine whether a written agreement actually exists between the parties such that any implied duties sued upon would have grown directly out of the existence of the written contract." In the present action, the Complaint clearly incorporates the undisputed terms of the Agency Agreement. Moreover, the claim for indemnity arises "directly out of the existence of the written contract". To make clear that the Court is setting a bright line rule, the opinion concludes with the following statement: "To the extent that *Old Republic National Title Insurance Co. v. Attorney Title Services*, 299 Ga. App. 6, 682 S.E.2d 134 (2009) can be read for the proposition that professional malpractice claims premised upon a complete written agreement are subject to the four-year statute of limitation of O.C.G.A. 9-3-25, it is hereby overruled."  As discussed above, the Court's later extension of this ruling in the *Saiia* case can leave no reasonable argument that a contract and indemnity claim under these facts was filed well within the applicable six and twenty-year statutes of limitations.

### 3. Defendant's reliance upon case law from other jurisdictions is misplaced.

In support of its argument, Defendant relies on case law from other jurisdictions which squarely contradict recent holdings by the Georgia Supreme

Court.  Specifically, Defendant cites the case of *Commonwealth Land Title Insurance Co. v. Jones*.[4]  In *Commonwealth*, a title insurance company sued its agent, a lawyer, alleging he was negligent in examining title by failing to discover a pre-existing judgment lien against the property prior to issuing the title policy.  The agent moved for summary judgment based on the expiration of the statute of limitations.  The trial court granted the motion and Commonwealth appealed.

The Louisiana Court of Appeals ruled that its statutes expressly provide that any action against an attorney, whether based in tort, breach of contract or otherwise, must be brought within three years from the date of the negligent act.  In other words, in Louisiana, breach of contract, professional negligence, and indemnification claims against attorneys and/or insurance agents or brokers all have the same statute of limitations.  However, this is not the case in Georgia.  In *Newell*, the Supreme Court of Georgia expressly reversed a similar decision by the Georgia Court of Appeals, explaining that, when a professional malpractice claim arises from a written contract for professional services, such a claim would necessarily be governed by the six-year statute of limitation for breach of contract.  Therefore, the Louisiana ruling in *Commonwealth v. Jones* is not applicable and has no relevance in this case, as Georgia courts have expressly ruled that the same statute of limitations does not apply to all claims against attorneys.

_____
[4] 948 S.2d 1243, 2006-1277 (La. App. 3 Cir. 2007).

Defendant also cites the New Jersey case of *Commonwealth Land Title Insurance Co. v. Kurnos*, in support of its argument.[5] In *Kurnos*, a mortgagee, which had refinanced a loan, and a title insurance company brought a legal malpractice action against an attorney whose negligence resulted in the mortgage, which was supposed to be a first lien on the property, actually being a second lien. The attorney moved for summary judgment, asserting that plaintiffs' action was barred by the six-year statute of limitations. The court rejected plaintiffs' claim for indemnification because it concluded that an indemnification claim had the same limitations period as any underlying claim for negligence.[6] The court in *Kurnos* further stated that the statute of limitations for the title company's indemnification claim began to run not when the title company determined it will pay under its policy, but rather when it is responsible to pay. In other words, the obligation arose when the title company learned that its insured was in second, rather than first, position.

In contrast, Georgia courts have expressly ruled that the limitations period for an indemnification claim versus a professional negligence claim are completely different. Furthermore, Georgia law mandates that the statute of limitations for a contractual indemnity claim begins to run when a party refuses to honor its contractual indemnification duties, and the statute of limitations for a common law

---

[5] 340 NJ Super. 25 (App. Div. 2001).
[6] *Id.* at 32.

indemnification begins to run when a claimant pays to settle or satisfy a judgment of an underlying claim. Therefore, *Kurnos* completely contradicts current Georgia law and is not applicable to the facts in this case.

### IV.   CONCLUSION

The Complaint is clearly pled as an action for breach of contract and indemnification. The triggering event of the payment of the loss and the failure of the Defendant to reimburse Plaintiff for its losses arose within the applicable six and twenty-year statutes of limitation. The Defendant's Motion is primarily based on one Georgia case which was subsequently reversed and inapplicable cases from New Jersey and Louisiana which operate under entirely different statutory and common law regimes.

Overall, Defendant's argument seeks to narrow the statute of limitations for indemnification, without any legal authority to support its argument. Plaintiff essentially argues *any* cause of action Old Republic has accrued when Defendant performed negligent title work. If the Court follows Defendant's line of reasoning, parties seeking indemnification would be forced to file suit before their cause of action has even accrued. This would be a radical departure from the law governing the statute of limitations for indemnification claims and would be an unjust result.

For those reasons set forth above, the Plaintiff does pray that the Defendant's Motion be denied.

This the 20th day of September 2012.

                                                WEISSMAN, NOWACK, CURRY & WILCO, P.C.

| | |
|---|---|
| 3500 Lenox Road, 4th Floor | /s/ Jeffrey H. Schneider |
| One Alliance Center | Jeffrey H. Schneider |
| Atlanta, Georgia 30326 | Georgia Bar No. 629545 |
| 404-926-4500 | Attorneys for Plaintiff |
| jeffschneider@wncwlaw.com | |
| 100261806; 5453.955 | |

## CERTIFICATE OF SERVICE

I hereby certify that Old Republic National Title Insurance Company's response to Defendant's Motion to Dismiss was filed this day using the Court's CM/ECF system, which will automatically serve the pleading upon all counsel of record as follows:

> Johannes S. Kingma, Esq.
> Shannon M. Sprinkle, Esq.
> Carlock, Copeland & Stair, LLP
> 191 Peachtree Street, Suite 3600
> Atlanta, Georgia  30303

This the 20th day of September 2012.

                                                WEISSMAN, NOWACK, CURRY & WILCO, P.C.

| | |
|---|---|
| 3500 Lenox Road, 4th Floor | |
| One Alliance Center | /s/ Jeffrey H. Schneider |
| Atlanta, Georgia 30326 | Jeffrey H. Schneider |
| 404-926-4500 | Georgia Bar No. 629545 |
| jeffschneider@wncwlaw.com | Attorneys for Plaintiff |