**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,** | |
| Plaintiff, | |
| | Civil Action 7:12-cv-83 (HL) |
| v. | |
| **STUDSTILL & PERRY, LLP,** | |
| Defendant. | |

## ORDER

Before the Court is Defendant Studstill & Perry, LLP's Motion to Dismiss (Doc. 4). For the reasons stated below, the Motion is denied.

### I.    BACKGROUND

Defendant Studstill & Perry is a law firm in Nashville, Georgia that entered into an agency agreement (the "Agreement") with Plaintiff Old Republic National Title Insurance Company in 1993. Pursuant to the Agreement, Defendant was authorized to issue title insurance policies on behalf of Plaintiff. (Doc. 1-1.) Under the Agreement, Defendant was charged with "receiving and processing applications for title insurance" and "issuing policies in a timely, prudent, and ethical manner…." (Doc. 1-1, p. 5.) The Agreement also contained a clause that stated that Defendant would "show as exceptions to coverage all matters such as taxes, encumbrances, liens, restrictions, easements and any other matters which

constitute a defect or question as to the validity and/or marketability of the title being insured." (Doc. 1-1, p. 7.)

On December 31, 1998, based on its agency power under the Agreement, Defendant issued a policy of title insurance ("the Policy") to Rinker Materials Corporation ("Rinker" or "the Insured"). (*See* Doc. 1-3.) The Policy provided that title to a certain leasehold estate to real property in Long County, Georgia was vested in Rinker. The leasehold estate covered under the Policy was a mining lease executed between Rinker, the lessee, and GHM Real Estate of Florida, Inc. and GHM Rock & Sand, Inc., the lessors (collectively, "GHM"). (*See* Doc. Doc. 1-2, "Rinker Lease".)

In Defendant's possession at the time the Policy was issued was a certain deed from the Altamaha Land Company (hereinafter, the "Altamaha Deed"). The Altamaha Deed conveyed an undivided ½ interest in the minerals on the land to several named parties.[1] In 2007, the parties to the Altamaha Deed approached Simex Construction Materials of Florida, LLC ("Simex"), the successor-in-interest to the Rinker Lease. The parties to the Altamaha Deed claimed an interest in the land based on the Deed. Extensive litigation over rights to the land followed. The underlying lawsuit was eventually settled, and Plaintiff, on behalf of its Insured, agreed to pay the parties to the Altamaha Deed the amount of $1 million. Plaintiff

---

[1] The parties to the Altamaha Deed were: James E. Stewart, Jr., Robert B. Zachry, Jr., Earl A. Spence, Sr., William H. Cox, Jack Williams, Jr., William H. Hopkins, Jr., C. E. Layton, Jr., John H. King, III, Hebert Bradshaw, Jr., William F. Versen, and John Hodges. The Altamaha Deed was dated October 31, 1967 and was recorded in Deed Book 35, page 294, Long County, Georgia deed records.

made demand upon Defendant to assume responsibility for the losses, but Defendant rejected each demand for indemnity. Plaintiff now seeks to recover damages based on Defendant's failure to set out the Altamaha Deed as an exception under the Policy and Defendant's failure to take responsibility for this error.

In the Complaint, Plaintiff asserts claims for indemnification and breach of contract. (Doc. 1.) However, in the present pending Motion to Dismiss, Defendant asserts that the claims brought by Plaintiff are best characterized as professional malpractice and negligence claims. Malpractice and negligence claims are subject to shorter statute of limitation periods than indemnification and breach of contract claims and, if Defendant's characterization is correct, Plaintiff's claims should be dismissed as untimely. This issue is examined more fully below.

## II.     DISCUSSION

Defendant argues that Plaintiff's claims should be characterized as malpractice and negligence claims for two reasons. First, Defendant argues that malpractice and negligence are the most appropriate claims because Defendant is a law firm that performs professional, legal work, and title work is a professional, legal service. Thus, Defendant asserts that Plaintiff's claims are most appropriately construed as malpractice and negligence claims. Second, Defendant argues that this case cannot stand as an indemnity case because the Agreement does not contain an explicit indemnification clause.

The Court does not find either of Defendant's arguments convincing. First, simply because Plaintiff is a law firm does not mean that any claim against it should be construed as a professional malpractice claim. A case sounding in contract law does not magically morph into a malpractice case simply because on the identity of the defendant.

Second, while it is true that the word "indemnity" is not used in the Agreement, the intent of the parties is clear that indemnification should be included as part of the contract. "Indemnity is defined as 'the obligation or duty resting on one person to make good any loss or damage another has incurred or may incur by acting at his request or for his benefit.'" George R. Hall, Inc. v. Superior Trucking Co., Inc., 532 F. Supp. 985, 993 (D.C. Ga. 1982) (quoting Cash v. Street & Trail, Inc., 126 Ga. App. 462, 465, 221 S.E.2d 640, 642 (Ga. App. 1975)). Contracting parties can agree that one party will indemnify the other, so long as the intent of the parties is clear. Id. No "particular words or talismanic language" is necessary to invoke an intent to indemnify. Id. Instead, it is the court's responsibility to review contractual language and the situation of the parties to determine if indemnification is a part of the contract. Id.

In this case, the Court finds that the parties did intend to include indemnification as part of the contract. Specifically, certain language in the Agreement under the heading "Responsibility for Loss" demonstrates an intent to include indemnification. The Agreement provides that:

As between Insurer [Plaintiff] and Agent [Defendant], responsibility for loss (which term shall include payments to insured and third party claimants, attorney's fees and all other costs incurred in investigation of claims, negotiation of settlements and litigation) arising from this title insurance business conducted pursuant to this agreement, shall be as follows:

1. Agent is responsible for the following losses:

…

B. Intentional or negligent failure of Agent to comply with the terms and requirements of this Agreement or of the rules, regulations, or instructions given to Agent by Insurer;

…

E. Negligent errors or omissions in the search, or examination of title, in the preparation of title insurance forms or in other procedures involved in processing an application for title insurance.

(Doc. 1-1, p. 6.) Despite the fact that this passage does not include the word "indemnification," the Court is convinced that this provision in the Agreement is sufficient to demonstrate an intent to include indemnification as part of the contract. The Agreement clearly states that the Agent is responsible for losses associated with the failure to properly process applications and issue policies for title insurance. The Agent's contractual responsibility for these types of losses proves that there was an intent that the Agent, Defendant Studstill & Perry, would indemnify the Insurer, Plaintiff Old Republic, if any of the defined losses were to occur.

Finding that an indemnification claim is appropriate in this case based on the language in the "Responsibility for Loss" section of the contract, the Court

next addresses the issue of the statute of limitations. In Georgia, a breach of contract claim is subject to a six-year statute of limitations period. *See* O.C.G.A. § 9-3-24. The claim accrues at the time the contract becomes "due and payable." Id. However, for breach of contract claims that involve indemnity provisions, "the six-year statute of limitation … does not begin to run until 'the party owing the duty [to indemnify] refuses to indemnify the other party for amounts that the latter has paid to settle the claim of another or satisfy the judgment of another.'" Old Republic National Title Insurance Co. v. Panella, LLC, 319 Ga. App. 274, 276, 734 S.E.2d 523, 525-26 (Ga. App. 2012).

In this case, the record does not reflect an exact date that Defendant refused to indemnify Plaintiff after the settlement with the parties to the Altamaha Deed in the underlying litigation. However, using deductive reasoning, it is possible to determine whether the filing of this lawsuit occurred within six years of Plaintiff's demand for indemnification. The record reveals that the underlying lawsuit was filed in 2007. Thus, the settlement and subsequent demand for indemnification must have occurred sometime after the filing of that suit. The present lawsuit was filed in June 2012, which is approximately five years after the filing of the underlying lawsuit. Based on this information, the Court finds that the settlement and demand for indemnification fall within the six-year statute of limitations allowed by the Georgia Code, and thus, the present action was timely filed.

For the reasons stated above, the Motion to Dismiss is denied. Plaintiff's claims for breach of contract and indemnification were properly filed within the statute of limitations, and the case shall proceed.

The stay in this case is lifted. The following deadlines shall apply moving forward:

- Plaintiff's expert witnesses must be disclosed by **July 15, 2013**, which is 90 days from the date of this Order. Defendant has until **August 13, 2013** to disclose any expert witnesses. If Defendant designates an expert where Plaintiff has not previously designated an expert, Plaintiff has 30 days from the designation of Defendant's expert to designate a rebuttal witness. Any supplemental expert reports are due on or before **September 23, 2013**.

- Any motion to add parties or amend the complaint must be made on or before **September 16, 2013**, which is 30 days before the expiration of discovery.

- Discovery shall close on **October 15, 2013**.

- All <u>Daubert</u> motions must be filed on or before **November 14, 2013**, that being no more than 30 days after the expiration of discovery in this case.

- All dispositive motions shall be filed on or before **November 29, 2013**, which is 45 days after the expiration of discovery in this case.

These deadlines shall not be extended in the absence of extenuating circumstances.

**SO ORDERED**, this 15th day of April, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr

7